UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LOUIS KERLINSKY,            )
        Plaintiff           )
                            )
                v.          )   C.A. NO. 09-30136-MAP
                            )
SANDOZ, INC., ET AL.,       )
        Defendants          )

MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION WITH REGARD TO
MOTIONS TO DISMISS
(Dkt. Nos. 7, 12 & 24)

March 26, 2010

PONSOR, D.J.

    Plaintiff, Louis Kerlinsky, has brought a pro se
lawsuit against three Defendants: Main Line Hospitals, Inc.,
d/b/a Lankenau Hospital, ("Lankenau"), a Pennsylvania
corporation; Sandoz, Inc. ("Sandoz"), a Colorado
pharmaceutical company; and the United States Department of
Veteran's Affairs ("USDVA").

    Defendants Lankenau and Sandoz filed Motions to
Dismiss, which were referred to Magistrate Judge Kenneth P.
Neiman for report and recommendation.

    On January 21, 2010, Judge Neiman issued his Report and
Recommendation, to the effect that Lankenau's motion should
be allowed in its entirety and Sandoz's motion be allowed,
in part.  Judge Neiman also made a sua sponte recommendation
that the class action claims against the USDVA set forth in

Count 7 and portions of Count 12 be dismissed.  Both Plaintiff and Defendant Sandoz filed timely objections to the Report and Recommendation.

Little discussion is needed to explain why the recommendation as to Lankenau's motion should be adopted, and its motion to dismiss be allowed.  As Judge Neiman pointed out, once jurisdiction is challenged, the plaintiff has the burden to "go beyond the pleadings and make affirmative proof of necessary jurisdictional facts."  <u>Boit v. Gar-Tec Products, Inc.</u>, 967 F.2d 671-675 (1st Cir. 1992).  Plaintiff has failed to sustain this burden.  Indeed, no facts of record support exercise of personal jurisdiction over Lankenau in this court.[1]

With regard to Defendant Sandoz's motion, the

recommendation that Counts 3, 4, and 5 be dismissed is similarly well supported.  The fraud-based allegations as set forth of the complaint utterly fail to satisfy the requirements of Fed. R. Civ. P. 9(e).

The court will, with one minor exception, likewise

---

1 The Report and Recommendation also suggests that Lankenau's motion to dismiss should be allowed substantively, based on Plaintiff's failure to plead critical elements of his claims. It is not necessary to address this portion of the Recommendation, since the absence of personal jurisdiction is beyond reasonable dispute.

adopt the recommendation that the motion to dismiss as to the claims for breach of warranty and negligence (Counts 1 and 2) be denied.  The arguments offered by Defendant as to these counts move too far into factual matters properly addressed after discovery, at the summary judgment stage. The exception is in regard to those portions of Count 2 not related to a claim for negligent failure to warn, specifically claims referring to marketing, manufacturing, advertising, and sales.  No justification is offered to preserve these aspects of Count 2, and they will be dismissed.

Finally, the court will adopt the recommendation that the portions of Count 12, offering class action claims pursuant to Mass. Gen. Laws ch. 93A against Sandoz be dismissed.  The Magistrate Judge was correct in noting that pro se plaintiffs generally are not proper class representatives and that the usual rule is that attorneys cannot act both as class representatives and as counsel for the class.

The court will decline to adopt the sua sponte recommendation that the class action claims in Count 7 and a portion of Count 12 against the USDVA be dismissed. Plaintiff contends that he was surprised by this aspect of the recommendation, and he did not have an adequate

3

opportunity to present contrary arguments.  It is admittedly difficult to see how, if the class action claims against Sandoz are dismissed, the parallel class claims against the USDVA can long survive.  However, in fairness to Plaintiff, these allegations may remain in the complaint for further consideration by the court with prior notice to Plaintiff.

In summary, the court, upon de novo review, hereby ADOPTS the Report and Recommendation (Dkt. No. 24), in part. Lankenau's Motion to Dismiss (Dkt. No. 7) is hereby ALLOWED in its entirety.  Sandoz' Motion to Dismiss (Dkt. No. 12) is hereby ALLOWED as to Counts 3, 4, 5, and as to those portions of Count 12 pertinent to Sandoz.  Moreover, the court hereby ALLOWS the Motion to Dismiss as to all portions of Count 2, except those relating to warnings.  Sandoz's motion directed to Counts 1 and 2 is otherwise DENIED.  The court declines to adopt the recommendation of sua sponte dismissal of Count 7 and the portions of Count 12 describing class action allegations against the USDVA.

This case is hereby referred to Magistrate Judge Neiman for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16.

It is So Ordered.

                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge

4