UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LOUIS KERLINSKY, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-30136-MAP |
| | ) | |
| | ) | |
| | ) | |
| SANDOZ, INC. a/k/a SANDOZ | ) | |
| PHARMACEUTICAL CORP., | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| OF VETERANS AFFAIRS, and | ) | |
| MAIN LINE HOSPITALS, INC. d/b/a | ) | |
| LANKENAU HOSPITAL, | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION WITH REGARD TO UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS' MOTION TO DISMISS  (Document No. 40)
October 25, 2010

NEIMAN, U.S.M.J.

Louis Kerlinsky ("Plaintiff"), proceeding *pro se*, brings this putative class action

against the United States Department of Veterans Affairs ("USDVA") and Sandoz, Inc.

a/k/a Sandoz Pharmaceutical Corp. ("Sandoz").  A third defendant, Main Line

Hospitals, Inc. -- doing business as "Lankenau Hospital" -- has been dismissed from

the action.  As agreed at the initial scheduling conference on May 25, 2010, the

USDVA has been permitted to file a partial motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(6), which motion has been referred to this court for a report and

recommendation.  *See* 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the court

will recommend that the USDVA's motion to dismiss be allowed.

## I. STANDARDS OF REVIEW

When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992).  In addition, *pro se* pleadings must be construed liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000).  Under Rule 12(b)(6), the court must determine whether a challenged cause of action "fail[s] to state a claim under which relief may be granted" pursuant to Fed. R. Civ. P. 8(a).  *See generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (indicating that complaints must contain facial plausibility).  A claim alleging "fraud," however, "must state with particularity the circumstances constituting [the] fraud."  Fed. R. Civ. P. 9(b).

## II. BACKGROUND

The parties are no doubt familiar with the facts alleged in the complaint inasmuch as this court outlined them in the report and recommendation it issued on January 21, 2010, with regard to Sandoz and Lankenau Hospital's motions to dismiss. (Document No. 24 (hereinafter "Jan. 21, 2010 Rep. & Rec").)  District Judge Michael A. Ponsor adopted much of that recommendation but decided not to dismiss -- which this court recommended *sua sponte* -- the class action claims targeting the USDVA, even though he remarked that it was "difficult to see" how those claims "could long survive." *Kerlinsky v. Sandoz, Inc.*, 2010 WL 1257857, at *1 (D. Mass. Mar. 26, 2010).

The claims directed at the USDVA can be summarized quickly.  In Count 6, Plaintiff alleges "negligence."  (Compl. ¶¶ 47-49.)  In Count 8, Plaintiff asserts that the USDVA is liable for "misrepresentation and deceit."  (*Id.* ¶¶ 52-53.)  And in Counts 7 and 12, Plaintiff purports to make "class action" claims, one against the USDVA alone (Count 7) and another under Mass. Gen. L. ch. 93A against all defendants (Count 12). (*Id.* ¶¶ 50-51, 64-78.)  The USDVA's motion to dismiss targets only Counts 7, 8 and 12; the USDVA acknowledges that the negligence claim (Count 6) should survive at this time.

### III.  DISCUSSION

In the court's view, the USDVA's motion can be easily allowed in all respects. First, Count 8 -- which alleges "misrepresentation and deceit" -- is subject to the heightened pleading requirements of Rule 9(b), Plaintiff's contrary argument notwithstanding.  *See Freeman v. MetLife Group, Inc.*, 583 F. Supp. 2d 218, 223 (D. Mass. 2008) (deeming misrepresentation and deceit "'a species of fraud'" and, hence, subject to Rule 9(b)) (quoting *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004)).  Thus, Plaintiff must "not only specify[] the false statements and by whom they were made but also identify[] the basis for inferring scienter."  *North Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009).  Here, however, Plaintiff simply alleges that the USDVA "misrepresented Terazosin and deceived those to whom it prescribed Terazosin by implicitly informing them that the warnings regarding Terazosin which it gave were adequate and sufficient."  (Compl. ¶ 53.)  Even assuming this allegation sufficiently specifies "the

false statements and by whom they were made," which it does not, in no way does it identify "the basis for inferring scienter." *Cardinale*, 567 F.3d at 13. *See also* BLACK'S LAW DICTIONARY 1463 (9th ed. 2009) (defining "scienter" as "[a] mental state consisting in an intent to deceive, manipulate, or defraud").[1]

Second, as this court remarked previously, Plaintiff, as a *pro se* litigant, is not authorized in Counts 7 and 12 to serve as representative of a putative class. *See, e.g.*, *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (class representatives cannot appear *pro se*); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."); *Dutkiewicz v. Foster*, 88 F.R.D. 85, 86 (D. Mass. 1980) ("[P]ro se plaintiffs may only appear and practice on their own behalf, not on the behalf of an alleged class."). *See also* 28 U.S.C. § 1654 (noting that "parties may plead and conduct *their own cases*") (emphasis added); Rule 83.5.3(c) of the United States District Court for the District of Massachusetts ("A person who is not a member of the bar of this court . . . will be allowed to appear and practice before the court only in his own behalf."). And even were Plaintiff to demonstrate that he is currently licensed to practice as an attorney in this court (see Jan. 21, 2010 Rep. & Rec. at 12-13), he is not otherwise qualified pursuant to Fed. R. Civ. P. 23(g) to serve

---

[1] Count 8 suffers from another infirmity. As the USDVA asserts, without any reasoned legal argument from Plaintiff to the contrary, it is sovereignly immune from any claims for misrepresentation or deceit. *See Muniz-Rivera v. United States*, 326 F.3d 8, 12 (1st Cir. 2003) (discussing how the limited waiver of sovereign immunity under the Federal Tort Claims Act does not apply to any claim arising out of "misrepresentation [or] deceit") (quoting 28 U.S.C. § 2680(h)).

as class counsel.  *See Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1090 (3d Cir.

1976) (describing the untenable "conflict of interest between the class member plaintiff

qua plaintiff and the class member plaintiff qua counsel") (footnote omitted);

*Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983) (collecting cases

describing the "long-standing general prohibition against even attorneys acting as both

class representative and counsel for the class").

To be sure, Plaintiff suggests in his opposition memorandum that he "is not

seeking to serve as a representative of a class" and might "obtain other counsel to

represent the class."  (Document No. 42 at 1.)  But in his complaint he has made it

clear that any putative class will be "represented by [him]," that he alone "will fairly and

adequately protect the interests of the class," and that the court should conduct a

preliminary hearing so as "to determine that . . . [P]laintiff fairly and adequately

represents the class specified herein."  (Compl. ¶¶ 69, 72, 78.)  Moreover, both Judge

Ponsor and the undersigned have opined that the parallel class action allegations

against Sandoz cannot survive.  *See Kerlinsky*, 2010 WL 1257857, at *1.

IV.  CONCLUSION

For the reasons stated, the court recommends that the USDVA's motion to

dismiss Counts 7, 8 and 12 be ALLOWED.[2]

---

[2]  The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or
Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations
must file a written objection with the Clerk of this Court **within fourteen (14) days** of
the party's receipt of this Report and Recommendation.  The written objection must
specifically identify the portion of the proposed findings or recommendations to which
objection is made and the basis for such objection.  The parties are further advised that
failure to comply with this rule shall preclude further appellate review by the Court of

DATED: October 25, 2010

       /s/ Kenneth P. Neiman
       KENNETH P. NEIMAN
       U.S. Magistrate Judge

---

Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.